# IN THE COURT OF APPEALS OF IOWA

No. 23-1258
Filed December 4, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**KEITH WILLIAMS,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

 A defendant who pled guilty appeals the district court's imposition of a sentence provided for in a plea agreement. **APPEAL DISMISSED.**

 Jessica Donels of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

 Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

 Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

Keith Williams appeals the sentence issued following his guilty pleas, arguing the district court abused its discretion by failing to adequately explain its reasons for imposing consecutive sentences and by failing to consider inpatient addiction treatment as an alternative to incarceration. Because Williams has failed to establish good cause to challenge his sentences, we dismiss his appeal.

## I. Background Facts & Proceedings

Williams was charged by trial information in early 2023 with twelve criminal violations. Pursuant to a plea agreement reached with the State, Williams pled guilty to three charges: amended Count I, possession of heroin with intent to deliver, a class "C" felony under Iowa Code section 124.401(1)(c)(1) (2023); Count VII, failure to possess a tax stamp (heroin), a class "D" felony under sections 453B.3 and 453B.12; and Count XI, felon in possession of a firearm, a class "D" felony under section 724.26. At the combined plea and sentencing hearing, the parties jointly recommended the "counts would be run consecutive to each other for a total period of incarceration not to exceed twenty years" and the State would move to dismiss the remaining nine counts.

The district court then discussed sentencing with Williams:

> [COURT] Q. Tell me what your understanding is of the sentencing that would be imposed if I accept that plea agreement. . . . . [WILLIAMS] A. My understanding is that it's not to exceed twenty years.
> Q: Consecutive sentences totaling up to twenty years? A. Twenty years.
> Q. Yes. And go to prison? A. Yes.
> Q. Are you asking the Court to accept that agreement on those terms? A. Yes.
> Q. The Court will be accepting the plea agreement as stated by Counsel and confirmed by the defendant on the record such that

subject to my acceptance of Mr. Williams'[s] guilty plea here this afternoon, any sentence in this case will embody that agreement.

After accepting Williams's plea, the district court announced Williams's sentences. The court stated:

> The sentence for the offenses are as follows: As to Count I, an indeterminant period of incarceration not to exceed ten years, and as to Counts VII and XI, they are each punishable by up to five years in prison. You will receive credit against these sentences for time already served in custody on these offenses since your arrest. These sentences shall run consecutive to each other for a total period of incarceration not to exceed twenty years. Consecutive sentences are being imposed today due to the separate and serious nature of the offenses and as well as in order to carry out the plea agreement.

The written sentencing order accorded with the oral pronouncement. The trial information's remaining counts were dismissed.

Williams appeals. The State responds with a challenge to appellate jurisdiction, arguing Williams failed to establish good cause.

## II. Good Cause Under Iowa Code section 814.6

A defendant's right to appeal is limited when their conviction resulted from their own guilty plea. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (citing Iowa Code § 814.6(1)(a)(3)). The right of appeal from a guilty plea only exists if a guilty plea is to a class "A" felony or where a defendant establishes good cause. § 814.6(1)(a)(3). So when there is no conviction for a class "A" felony, "[a] defendant who pled guilty now must establish good cause to appeal." *Damme*, 944 N.W.2d at 104. Establishing good cause is the defendant's burden. *Id.* When a defendant fails to meet that burden, "the court has no jurisdiction, and the appeal must be dismissed." *State v. Rutherford*, 997 N.W.2d 142, 144 (Iowa 2023).

This good cause requirement arose from a legislative amendment that became effective July 1, 2019. *Damme*, 944 N.W.2d at 103. The amendment was made "to curtail frivolous appeals from guilty pleas and thereby enforce their finality." *Id.* at 100. The meaning of good cause as used in section 814.6(1)(a)(3) is "a legally sufficient reason." *Id.* at 104. Satisfaction of that requirement is context specific and must "advance, rather than defeat, the purpose of the statute." *Id.* at 104–05 (quoting *Rhoades v. State*, 880 N.W.2d 431, 447 (Iowa 2016)).

Our supreme court previously said in *Damme*, "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *Id.* at 105. But *Damme* does not rule that good cause is inherent to any challenged post-plea sentence. The *Damme* court held that in the context of an appellate challenge to a post-guilty plea sentencing order, a defendant establishes good cause "when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain." *Damme*, 944 N.W.2d at 100. It remains undecided by our supreme court whether good cause exists to appeal a sentence conforming to the bounds of a plea agreement. *State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) (saving that question "for another day").

The plea agreement included Williams's consent to the consecutive sentences totaling up to twenty years. The record shows the court adopted the parties' jointly recommended sentence. Williams does not claim the district court imposed a sentence beyond that contemplated by the agreement. His challenge is to the reasoning behind the district court's adoption of the consensual sentence;

that argument does not establish good cause. And, unlike in *Wilbourn,* Williams alleges no other sentencing error outside the scope of the plea agreement.

Because Williams received the agreed-upon sentence under the plea agreement, he has not established good cause to appeal. *See State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) ("[A] defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain."); *State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Ct. App. Mar. 29, 2023) (collecting cases that dismissed appeals "due to lack of showing of good cause when the sentence imposed is mandatory or the agreed-upon sentence under the plea agreement"). Without good cause, we have "no jurisdiction, and the appeal must be dismissed." *Rutherford*, 997 N.W.2d at 144.

**III.    Conclusion**

Because Williams failed to establish good cause, we dismiss his appeal.

**APPEAL DISMISSED.**